Michael DUNNE, Plaintiff–Appellant,

v.

POLICE DEPARTMENT, The Honolulu Police Department; et al., Defendants–Appellees.

No. 04–17157.

United States Court of Appeals, Ninth Circuit.

Submitted: May 9, 2005.*

Decided: May 13, 2005.

Michael Dunne, Honolulu, HI, pro se.

Laura Kuioka, Office of Corporation Counsel, Shannon L. Wack, Esq., Brenda Hoernig, Randall Y. Kaya, Esq., Dean Ochiai, Esq., Law Offices of Dean E. Ochiai, Honolulu, HI, for Defendants–Appellees.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM **

Michael J. Dunne appeals pro se the district court's order denying his request for the assistance of the Federal Interagency Slave Trafficking Task Force and dismissing, or granting summary judgment on, his claims against the Honolulu

Police Department ("HPD") and Pat and Orelana Wong. We review a grant of summary judgment de novo, *see Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and we review a dismissal for failure to state a claim de novo as well, *see Roe v. City of San Diego,* 356 F.3d 1108, 1111–12 (9th Cir.2004). We affirm.

Dunne contends that the HPD and the Wongs violated his civil and constitutional rights and are liable to him for damages under various federal and Hawaii state laws because they use a global positioning system device (GPS), which was forcibly implanted in his left eye socket, to control, monitor, and use him as a sex slave in an international sex-slavery ring. The district court carefully and thoroughly considered all his claims, and dismissed some because the statutes in question carry no private right of action or do not apply in his situation, and granted summary judgment against him on the remainder because he cannot prove the existence of a GPS implant in his head. Upon de novo review of the district court's order, we find no error.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.